### In re LAUGHLIN PRODUCTS, INC., PATENT LITIGATION

### No. 1498.

Judicial Panel on Multidistrict Litigation.

Jan. 9, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

---

* Judge Sear took no part in the decision of this

### *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation consists of the eight actions listed on the attached Schedule A and pending, respectively, in the District of Delaware, the Southern District of Florida, the Northern District of Georgia, the District of Maryland, the District of New Jersey, the Eastern District of New York, the Eastern District of Pennsylvania, and the Eastern District of Virginia. Hollywood Tanning Systems, Inc.(HTS) and certain of its franchisees move the Panel, pursuant to 28 U.S.C. § 1407, for centralization of the actions in the District of New Jersey, or alternatively, the District of Delaware or the Eastern District of Pennsylvania. Responding parties Laughlin Products, Inc. (Laughlin) and Dr. Thomas Laughlin agree with movants on the question of Section 1407 centralization, but respondents advance a different forum, the Northern District of Texas, as their preferred transferee district. At oral argument, counsel for these parties also offered the Northern District of Georgia as an alternative forum choice.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. At issue in each of the actions is the same patent, U.S. Patent No. 5,922,-333 (the '333 patent), which claims a system for spraying self-tanning solutions and other compositions on the human body. Seven of the actions are brought by Laughlin against HTS and/or its franchisees for infringement of the '333 patent occasioned by the use of an HTS tanning system. The eighth action is

matter.

brought against Laughlin and Dr. Laughlin by HTS, which seeks a declaratory judgment of patent invalidity and non-infringement with respect to the '333 patent. All actions can thus be expected to share factual and legal questions with respect to the '333 patent concerning such matters as infringement, patent validity, prior art, obviousness and interpretation of the claims of the patent. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Eastern District of Pennsylvania is an appropriate transferee forum for this litigation. We note that the Pennsylvania district i) is an accessible metropolitan district where a constituent action is already pending without any expected jurisdictional challenge, and ii) enjoys general caseload conditions permitting the Panel to effect the Section 1407 assignment to a court with the present resources to devote the time to pretrial matters that this docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Michael M. Baylson for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

## SCHEDULE A

*MDL–1498—In re Laughlin Products, Inc., Patent Litigation*

*District of Delaware*

*Laughlin Products, Inc. v. John Chisholm, et al.*, C.A. No. 1:02–582

*Southern District of Florida*

*Laughlin Products, Inc. v. Hollywood Tans, Inc., et al.*, C.A. No. 0:02–60872

*Northern District of Georgia*

*Laughlin Products, Inc. v. Hoff & Associates, et al.*, C.A. No. 1:02–1760

*District of Maryland*

*Laughlin Products, Inc. v. Rich Bergey, et al.*, C.A. No. 1:02–2128

*District of New Jersey*

*Hollywood Tanning Systems, Inc. v. Laughlin Products, Inc., et al.*, C.A. No. 1:02–3625

*Eastern District of New York*

*Laughlin Products, Inc. v. Mark Binder, et al.*, C.A. No. 1:02–3721

*Eastern District of Pennsylvania*

*Laughlin Products, Inc. v. Hollywood Tans, Inc., et al.*, C.A. No. 2:02–4061

*Eastern District of Virginia*

*Laughlin Products, Inc. v. Matthew Licciardello, et al.*, C.A. No. 2:02–485