## In re LAUGHLIN PRODUCTS, INC., PATENT LITIGATION

### In re Laughlin Products, Inc./Magic Tan Patent Litigation

**Nos. MDL 1498, MDL 1594.**

Judicial Panel on Multidistrict Litigation.

April 8, 2004.

See also 240 F.Supp.2d 1358.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., and KATHRYN H. VRATIL, Judges of the Panel.

### TRANSFER ORDER

WILLIAM TERRELL HODGES, Chairman.

This litigation currently consists of the seventeen actions listed on the attached Schedule A and pending in ten districts as follows: four actions in the Western District of Washington; two actions each in the Southern of Indiana, the Eastern and Middle Districts of Tennessee, and the Southern District of Texas; and one action each in the Middle District of Florida, the Northern District of Ohio, the Northern and Western Districts of Texas, and the Eastern District of Washington. Now before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by Magic Tan, LLC, and its vendors, distributors and customers that are named as defendants in the seventeen actions.[1] Movants seek centralization of these actions in the Northern District of Florida and the Northern District of Texas; four actions each in the Middle District of Florida, the District of Nevada and the Western District of Washington; three

---

1. Subsequent to the filing of their Section 1407 motion, movants identified 28 additional related actions pending in eight districts as follows: five actions each in the Southern

District of Ohio or, alternatively, the Eastern District of Pennsylvania. Laughlin Products, Inc. (Laughlin), the sole plaintiff in these actions, agrees that centralization is appropriate but supports Section 1407 transfer and assignment of these actions to Judge Michael M. Baylson, before whom MDL–1498, *In re Laughlin Products, Inc., Patent Litigation,* is already pending.

■ On the basis of the papers filed and hearing session held, the Panel finds that the these seventeen actions involve common questions of fact with the actions in MDL–1498 previously centralized in the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the MDL–1498 coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in MDL–1498. The Panel held that the Eastern District of Pennsylvania was a proper Section 1407 forum for actions sharing factual and legal allegations regarding the same Laughlin patent, U.S. Patent No. 5,922,333, which claims a system for spraying self-tanning solutions and other compositions on the human body. *See In re Laughlin Products, Inc., Patent Litigation,* 240 F.Supp.2d 1358 (J.P.M.L.2003).

■ Given the similarity of the allegations in these actions and the previously centralized MDL–1498 actions, as well as the familiarity of the MDL–1498 transferee judge with the factual issues in litigation relating to the Laughlin patent, we find that transfer to the Eastern District of Pennsylvania for inclusion in MDL–1498 will further the expeditious resolution of the litigation. We note that the transferee judge is well situated to determine whether any distinction is necessary between the actions previously centralized in MDL–1498 and the actions on the motion presently before the Panel. Accordingly, we leave the nuances of coordinated or consolidated pretrial proceedings to the discretion of the transferee judge.

IT IS THEREFORE ORDERED that plaintiffs' motion for transfer, pursuant to 28 U.S.C. § 1407, under the caption MDL–1594—*In re Laughlin Products, Inc./Magic Tan Patent Litigation* is denied.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule A are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Michael M. Baylson for inclusion in the coordinated or consolidated pretrial proceedings occurring there in MDL–1498.

### SCHEDULE A

*MDL–1498—In re Laughlin Products, Inc., Patent Litigation*

*MDL–1594—In re Laughlin Products, Inc. /Magic Tan Patent Litigation*

*Middle District of Florida*

*Laughlin Products, Inc. v. Formulated Solutions, LLC,* C.A. No. 8:03–2271

actions in the Southern District of Texas; two actions in the Northern District of Indiana; and one action in the Western District of Texas. In light of the Panel's disposition of the Section 1407 transfer motion, these actions will be treated as MDL–1498 potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

*Southern District of Indiana*

*Laughlin Products, Inc. v. Super Tan, LLC,* C.A. No. 1:03–1596

*Laughlin Products, Inc. v. One Minute Tan, LLC,* C.A. No. 1:03–1597

*Northern District of Ohio*

*Laughlin Products, Inc. v. Great Lakes Engineering & Design,* C.A. No. 1:03–2213

*Eastern District of Tennessee*

*Laughlin Products, Inc. v. Wendy Storey, et al.,* C.A. No. 3:03–560

*Laughlin Products, Inc. v. Shirley Moon,* C.A. No. 3:03–561

*Middle District of Tennessee*

*Laughlin Products, Inc. v. Kelly L. Sharpton,* C.A. No. 1:03–118

*Laughlin Products, Inc. v. Terrelle Johnson, et al.,* C.A. No. 3:03–1007

*Northern District of Texas*

*Laughlin Products, Inc. v. Joseph M. Presti,* C.A. No. 4:03–1277

*Southern District of Texas*

*Laughlin Products, Inc. v. Regina Symons,* C.A. No. 4:03–3683

*Laughlin Products, Inc. v. Christie M. Tucker,* C.A. No. 4:03–4794

*Western District of Texas*

*Laughlin Products, Inc. v. Future Tan, Inc., et al.,* C.A. No. 1:03–307

*Eastern District of Washington*

*Laughlin Products, Inc. v. Cheryl L. Szendre, et al.,* C.A. No. 2:03–393

*Western District of Washington*

*Laughlin Products, Inc. v. Jonathan D. Edwards, et al.,* C.A. No. 2:03–3251

*Laughlin Products, Inc. v. Marilyn Maysey,* C.A. No. 2:03–3329

*Laughlin Products, Inc. v. Allison B. Calkins,* C.A. No. 3:03–5597

*Laughlin Products, Inc. v. Steve R. Feller,* C.A. No. 3:03–5598